# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| T.R.B., by and through Samantha Green, his mother and natural guardian, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-068 |
| | ) | |
| NANCY ANN BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Plaintiff T.R.B. is a minor who has been diagnosed with "ASD"[1] and alleges disability based on that diagnosis. *See* doc. 1 at 3-4. His mother, Samantha Green, has signed the Complaint on T.R.B.'s behalf. *See id.* at 5. She also seeks leave to pursue T.R.B.'s case *in forma pauperis*.[2] Doc. 2. Before the Court can take any action in this case, it must consider

---

[1] Green, on plaintiff's behalf, submitted unredacted copies of psychological reports dated 2013, 2016, and 2018. The most recent uses "ASD" as an abbreviation for the diagnosis of Autism Spectrum Disorder. *See* doc. 1-1 at 17. Green is advised, however, that further filings should avoid specifically identifying T.R.B. by name.

[2] Given that the application lists T.R.B.'s full name, the Clerk is **DIRECTED** to **SEAL** that application and restrict access to court employees only.

whether Green may pursue a claim on T.R.B.'s behalf without legal representation.

Generally, a plaintiff may only assert her own rights; she lacks "standing" to assert a third party's claims. Standing, in this context, is an aspect of the Court's subject matter jurisdiction—the Constitutional limits on its power. *See, e.g., Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (explaining the jurisdictional significance of standing). As such, the Court has an obligation to verify its jurisdiction and plaintiff's standing. *See, e.g., United States v. Hays*, 515 U.S. 737, 742 (1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-31 (1990)) ("'The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines.'" (quotes and alterations omitted)).

It is generally the case that a parent, who is not an attorney, cannot pursue her child's case *pro se*. *See, e.g., FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) ("[W]e have held that parents who are not attorneys may not bring a *pro se* action on their child's behalf." (quotes and cite omitted)). The purpose of this rule is to protect the child's

interest in the claim; the concern is that a parent, however well-intentioned, untrained in the law will not be able to adequately prosecute the case. *See Devine v. Indian River County School Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruling in part on other grounds recognized by Kell v. Smith,* 743 F. App'x 292, 294 (11th Cir. 2018) (noting that general prohibition on parental representation "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."). Unlike the standing requirement, however, the prohibition on parents prosecuting their children's claims *pro se* "is not ironclad." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). Courts have allowed non-attorney parents to prosecute claims *pro se* when the nature of the claim suggests that such prosecution represents the best, if not the only, way to protect the child's rights. *See Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (allowing non-attorney parent to pursue SSI claim *pro se*, in part, because rigid application of the general rule "would unfairly penalize the children seeking SSI benefits because their parents will rarely be able to hire counsel due to the stringent family income limitations to which the award of SSI benefits are subject." (cites omitted)).

Given courts' general approbation for non-attorney parents' pursuit of SSI benefits on behalf of their children, the Court sees no reason to prevent Green's suit on behalf of T.R.B.. *See, e.g., Harris v. Apfel*, 209 F.3d 413, 414-417 (5th Cir. 2000) (holding that "the rights of minors in SSI appeals can be adequately protected without legal counsel—the proceedings" and a prohibition on such representation "would jeopardize seriously the child's statutory right to judicial review under §405(g)."); *see also, e.g., Kennedy o/b/o C.H.P.K. v. Berryhill*, 2019 WL 623855 at * 2 (N.D. Fla. Jan. 29, 2019) ("The analysis set forth in *Harris* is persuasive, and the court finds [the parent] may proceed *pro se* on behalf of [the minor]."); *Woods on behalf of A.L.D. v. Commissioner of Social Security*, 2018 WL 773925 at * 3 (S.D. Ohio Feb. 8, 2018) (Report and Recommendation declining to recommend dismissal of minor's Social Security appeal brought by *pro se* parent on standing grounds, based on "the same policy considerations" recognized in *Harris*).

Since the Court has subject matter jurisdiction over this case, it must consider whether to allow Green to pursue it *in forma pauperis* (IFP). In her IFP motion, Green indicates that she receives no income from pay or wages. *See* doc. 2 at 1. The Court assumes, therefore, that she is

unemployed. She does indicate that she receives some "[d]isability, or worker's compensation payments," and "child support." *Id.* Despite the motion form's clear instruction to "describe . . . and state the amount" of any non-employment income, she has not. *See id.* She does list monthly expenses that may exhaust the funds she receives from those sources, but, in the absence of any indication of their amount, the Court cannot be sure.

"[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bankr. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who,

*inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*,

79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp*., 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

Accordingly, Green must supplement the motion to proceed IFP or pay the Court's filing fee. She is **DIRECTED** to either pay or submit a supplement to the motion, providing *all* the required information, within 30 days of the date of this Order. **Failure to comply will result in a recommendation of dismissal on abandonment grounds.** *See* Fed. R. Civ. P. 41. The Clerk is **DIRECTED** to include a blank copy of the Court's IFP (Form AO 240) motion form with this Order for Green's convenience.

**SO ORDERED,** this <u>21st</u> day of May, 2019.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA